This morning to call the docket is agenda number 13127965 people the state of Illinois versus Natasha Walls. Roxanna Gallen Mason. Are you ready? And you may begin. May it please the court. My name is Roxanna Mason. I'm from the Office of the State Appellate Defender and I represent Mr. Walls. Everyone agrees. Everyone agrees that 17 years ago, after Mr. Walls pled guilty and filed a timely post-plea motion, the circuit court ruled on that motion, even though Mr. Walls' attorney had failed to comply with the mandatory requirements of Rule 604D. And included in that everyone who agrees with these facts is that attorney who made that original mistake and did not comply with the requirements of the rule. That attorney discovered his mistake within 30 days of the ruling on the post-plea motion and filed a post-judgment motion asking the circuit court to correct its error. And that's what the issue before the court today really boils down to. Is should Rule 604D and 606B be interpreted in a way that allows for the trial court to address its mistakes? Or instead, when this happens, and even when this error is recognized by trial counsel, should the parties instead be forced to go through a time-consuming, costly appeals process to simply have the appellate court hold that the case must be remanded to the circuit court for the circuit court to fix the mistake? Now, in the briefs we discuss a wide variety of reasons why Mr. Walls' interpretation of Rule 604D and 606B should be adopted by this Court. However, the main one that I'd like to focus on in our limited time together today is the reason why Rule 604D exists to begin with. And that is to allow for the circuit court to have precisely the opportunity that Mr. Walls' counsel tried to give it. The opportunity to correct errors in the circuit court rather than going through timely appeals processes. So is the 604D motion a post-judgment motion? No, Your Honor. It's a post-plea motion. Now, historically, there have been some cases in which this Court has used the language post-judgment motion to refer to these motions. There are also cases where this Court has referred to them as post-plea motions. The same practices have both been followed in all of the districts of the appellate court as well. However, I think that, you know, we suggested in the reply brief to this Court that this is quite similar to the history that this Court and the appellate court has with the rules waiver and forfeiture and how, yes, in common parlance, this does seem like it would be a post-judgment motion. It's the common term that would be applied to it. But when this Court created Rule 604D, it created a specific and new type of motion for a very specific purpose. And that purpose is addressed in one of the cases that the State cites in its brief, People v. Wilk. In People v. Wilk, this Court explained that after the Constitution went into effect in the 1970s, this Court saw an explosion in the number of criminal appeals and the percentage of criminal appeals that were coming from guilty plea cases. One-third of the criminal appeals in Illinois at that point were coming from guilty to a case under ideal circumstances. And when this Court examined those cases, it saw that time and time again these were simple mistakes or mistakes that would be best addressed by the trial court through having some sort of evidentiary hearing. But as the rules existed at that time, there was no way for the circuit court to address its errors. So this Court created Rule 604D, which allowed for the circuit court to address these mistakes. So the sentence is the final judgment in a case where the conviction resulted from a trial. But if the conviction resulted from a plea, we have a totally different rule. The sentence is not the final judgment, but the resolution of the post-judgment motion is the final judgment. It's a little bit unclear. It depends on what purpose we're talking about for the term final judgment. This Court has held in cases like Flowers that the final judgment in a guilty plea is the sentence and judgment, just like in any criminal case. However, this Court created a very specific condition precedent motion in Rule 604D so that cases cannot be appealed. It's not a final appealable judgment until after a post-plea motion filed under Rule 604D is both filed within 30 days of the judgment and ruled on. So guilty pleas are a very special case, particularly when we're talking about appeals. And that is because of what this Court saw in the 1970s and early 1980s and the reasons why this Court created the rule so as to allow the trial courts this extra opportunity because of the unique situation that a guilty plea presents as opposed to really any other sort of criminal or any sort of court proceeding, be it criminal or civil. Rule 606B covers everything. I mean, all of the cases that are on the docket here today, be them, you know, about insurance or crime or, you know, divorce proceedings, anything like that, 606B is for all of that. 604D is for this very specific, unique criminal process. You talk about this extended appeal process that we would have to go through if, you know, your position isn't followed. But, I mean, in reality, we have all the time in the appellate court where the parties agree that there was a 604D violation, and they do an agreed remand, and then the appellate court issues a minute order sending it back to the trial court to comply with 604D. It's not that cumbersome of a process. I agree with Your Honor that that is the process. However, I disagree as to the cumbersomeness of that process and the time and energy and resources that go into that process. Every time that, you know, for example, in this case, we could either, one, if we adopt Mr. Wall's interpretation of the rules, the trial attorney sees the problem, fixes it in the circuit court, bada-bing, bada-boom, it's done. Or what has to happen is, if it's not resolved in the trial court, it has to go up, go through the circuit clerk's office, go to the appellate court. A record has to be created. Parties for both sides have to, you know, get counsel. Counsel has to review that record. That record, after it's reviewed, you know, there has to be communication between the client and the defense counsel about how they wish to proceed. And, yes, filing an agreed motion is easier than filing a brief, but it's not nothing. And it often requires, you know, discussions back and forth between the State and the defense counsel to then finally send it to the court. And the court's not just going to sign off on a motion without being fully, you know, aware of the facts of the case. So the court has to review the record and then eventually issue a decision to send it back to the trial court. Ms. Mason, the Rule 604d incorporates Rule 606b. All of it, even the including a motion directed against the judgment, yet you argue we cannot add that language to Rule 604d. What do you explain that? Well, I think that Rule 606b and Rule 606d present sort of a unique situation. I mean, it's very common in Illinois law for one statute to refer to another statute or one rule to direct you to another rule. However, in the case of these two specific rules, they sort of create a circle. Rule 606b directs the parties to Rule 604d. And then Rule 604d has very specific language that refers the parties back to Rule 606b. But what about the word incorporate? So 604d doesn't incorporate that other rule? Rule 604. Can you ask your question again, Your Honor? Yes. Rule 604d, as I said before, incorporates Rule 606b. All of it? All of 604d? Well, yes. 606b? Yes, I believe so, if I understand your question correctly. You're arguing that it really doesn't. It refers back and back again. Well, yes, because the explicit language of Rule 604d then says that, you know, the once a post-plea motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measuring  So because of that, I mean, if this Court had wanted the notice of appeal to be filed within 30 days of the denial of the post-plea motion, this Court could have said that. That would be a very simple, clean, clear, easy rule to write. You know, if in Rule 606b it says for guilty pleas, look at 604d, and 604d says file a post-plea motion. If you lose, file a notice of appeal within 30 days. We're not here. But instead, this Court decided to direct the parties back to Rule 606b. And that must have had some purpose. Now, 606b creates two different options for filing a notice of appeal and having it be timely. One is within 30 days of whatever the end point of the case is. In 99 percent of cases, it's the judgment date. But because of Rule 604d, in guilty pleas, it's instead, under the plain language of Rule 604d, it's when the ruling on the post-plea motion happens. So that's option number one. Option number two is if a post-judgment motion is filed. And then, once a post-judgment motion is filed, there are 30 days after the ruling on that motion for the filing of a notice of appeal and for the notice of appeal to be timely. The State argues in its briefs that this would undermine the whole point of the rules against consecutive post-judgment motions. However, that's simply not the case here. And the facts of this case really show how that's not the case. I mean, Mr. Walls did not file a motion to reconsider sentence and then turn around and file the exact same motion to reconsider sentence again, file the exact same motion again, and file the exact same motion again. Like the parties did in the cases cited by the State, in Miraglia and in Sears, which was a divorce case. Instead, what happened was he filed a very specific post-plea motion asking the court to reconsider his sentence. And then, because of errors that happened in that very unique stage of the proceedings, the condition precedent motion proceedings that only happen in guilty pleas, he then filed a post-judgment motion asking the court to correct that error. Now, this Court, throughout all of its forfeiture jurisprudence, in every type of case there is, whether it's civil, criminal, bench trial, jury trial, every single case, it encourages the defendants or it encourages the litigants to do exactly what Mr. Walls did here. I want to make sure I understand your argument. Do we look at the contents of the motion to determine whether it's a post-judgment motion or not? I mean, you said in Miraglia, if that motion to reconsider sentence is denied, motion to reconsider, motion to reconsider, and it can go on ad infinitum. So you're distinguishing that case from this case because the motion is different? That's one difference, but that's not the only difference between the two. Do we look at the substance of the motion to determine whether or not prior ruling is a final judgment or not? No. I mean, I think there are two ways that this Court could rule that would both fall in line with the rules. I think the simplest ruling that this Court could make is essentially you're entitled to one post-plea motion, one post-judgment motion. And you file the post-plea motion, and whatever that second motion says, it counts as a post-judgment motion, and we move forward. I think that would be the easiest-to-administer rule. Alternatively, this Court could do a more in-depth analysis of the actual contents of the motion and see, is this second motion just a rehashing of the first motion, or is it instead attacking specifically the post-plea proceedings? I think that would be a much more complicated-to-administer rule. And your argument is that the motion looks at just the – I'm sorry. If, like in Miraglia, if there was the exact same motion filed, the defendant would be able to do that? Not. In Miraglia. If it were a guilty plea, yes. Yes, guilty plea, motion to reconsider sentence denied, motion to reconsider the motion to reconsider, and then appeal within 30 days after the ruling on that, that's okay? In a guilty plea case, yes. Okay. Whereas in Miraglia, the difference in Miraglia was that it was a bench trial case, so there was no 604D opportunity to file one of those two motions. So in Miraglia, you only get one. Bench trial, you only get one. Jury trial, you only get one. Civil divorce proceeding, you only get one. Guilty plea, you get two. Not ad infinitum, not hundreds of them, two. That's it. One 604D, one 606B. Then you're done, and it's the appellate court's chance. It's the appellate court's chance to take a look at the case. Because the reason that's important is because that gives the trial court, the circuit court, an opportunity to address both the guilty plea errors and the post-plea motion errors. I mean, this Court has held that post-plea proceedings are a critical stage of the proceedings, and they've held that this is a mandatory process, that, you know, defendants must strictly comply with the rules of 604D, giving the circuit court an opportunity to address mistakes that happen in it. It just makes sense. It's just the simplest, easiest way to deal with a lot of these cases. And it's what goes in line with this Court's forfeiture doctrine. If this Court adopts Mr. or adopts the State's interpretation of these rules and says that Mr. Walls does not get an appeal, then what this Court is saying is that Mr. Walls, as an attorney, chose to give the circuit court an opportunity to address its mistake, which is the exact opposite of the tens of thousands of pages of forfeiture jurisprudence that this Court and the appellate courts have provided us with. And that is the reason why we ask that this Court interpret the rules the way that Mr. Walls has asked them to interpret them, allowing for one post-plea motion, one post-judgment motion, and then a notice of appeal within 30 days. If there are no further questions. Thank you, Ms. Nason. Mr. Eldrige-Mamuth. Good morning, Your Honors, and may it please the Court. This Court should affirm the appellate court, and my name is Eldrige-Mamuth, and I'm on behalf of the people of the State of Illinois. This Court should affirm, because the appellate court was correct, that it did not have jurisdiction over the appeal because the notice of appeal in this case was filed approximately 15 years after the circuit court denied the Rule 604D motion. It was filed within 30 days of the denial. It was not filed within 30 days of the denial. That's correct. It was filed approximately 15 years after the denial. Now, Rule 604D and Rule 606B set forward a straightforward rule. As defense counsel stated, it sets forward the simplest mechanism for dealing with potential errors in guilty plea proceedings. And not only has defense counsel stated so, but this Court has stated so many times. And that process is that after a guilty plea, if a defendant wishes to appeal, the defendant must file a motion directed against the judgment, and then if that motion must file that motion within 30 days. If that motion is denied, then within 30 days of that denial, the defendant must file a notice of appeal. It's a straightforward process. There's no reason to invent this sort of circular rule, this kind of Frankenstein monster where we're looking at one and the other and picking apart each rule and mashing them together in a way that simply doesn't make sense. So in your opinion, 604D doesn't toll the time for filing the notice of appeal? Well, Rule 604D doesn't toll it. It sets forward a process under which that occurs. So generally, under 606B, a defendant has two choices. A defendant can file a motion directed against the judgment, or a defendant can file a notice of appeal. So the defendant gets 30 days. Now, and it's straightforward, right? You get two options. You have 30 days. You can file a notice of appeal from the judgment, or you can file a motion directed against the judgment within those 30 days. And then when that motion is denied, if that motion is denied, you get 30 additional days from there. Now, what Rule 604D states, and by the way, Rule 606B specifically says, accept as provided in Rule 604D. So what Rule 604D does is it removes the option of the defendant from simply filing the notice of appeal without filing a motion directed against the judgment. Now, defense counsel argues that one is a post-plea motion, one is a post-judgment motion, while acknowledging that this Court and other courts have used those terms interchangeably. And the reason courts have used those interchangeably is because they're both motions directed against the judgment. That's the whole point. That's the language in 606B. And that's clearly what's happening in Rule 604D. The motion in 604D is either a motion to reconsider the sentence if only errors with respect to the sentence are alleged, or if there's an allegation that there were errors with the plea itself, the rule states that you must file a motion to vacate the plea. Now, it is not contrary to what the defendant says, some super unclear fact about what the judgment is. The judgment is defined by the statute. That's in 725 ILCS 5-102-14, which states that the judgment is essentially the adjudication of guilt and then the sentence. So we know what the sentence is. The rules themselves make clear what the judgment is. Rule 604D discusses appeal by defendant from the judgment entered upon a guilty plea and later discusses an order disposing of the motion under Rule 604D. Really, everything makes this clear. Rule 604D then says, if the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in 606, Rule 606 measured from the date of the entry of the order denying the motion. And by the way, the commentary also makes that clear. The commentary states that the time within which an appeal may be taken runs from the date on which the order disposing of the motion is denied. So this is a straightforward rule. There's no reason to be, you know, super complicated about this. And in this case, it was the motion to reconsider. There was a motion to reconsider the sentence. That was denied. Then there was a motion to reconsider the motion to reconsider. Now, of course, that goes against the general rule against multiple post-judgment motions. And it also has to do with the original motion to reconsider was ruled on. Right. Then the motion to reconsider the motion to reconsider was never ruled on. Years and years passed. Perhaps it was because it's such an unusual motion, never was brought to the attention of the courts, and so it was never ruled on because such a rule, such a motion really isn't contemplated by the rules. But then what happened? Well, then what happened is years, years passed. The defendant filed a post-conviction petition. Years passed again. Counsel filed a — and then years passed from that, and then counsel, the courts, basically sua sponte, went back, looked at the court file and said, well, hold on a second. Let's not go forward with these post-conviction proceedings because I've discovered — and this was not the same judge — I've discovered that there was this motion filed 15 years ago, or at that time maybe it was 13, 14 years ago, that had never been ruled on. Right. And what this case also demonstrates is that the sort of second — So then that motion was ruled on? Oh. Well, no. Well, yeah. The judge then gave the opportunity to file a new motion, a new 604D motion, essentially, because the original attorney hadn't complied with Rule 604D. Now, of course, as this Court has already brought up, it would have happened a lot faster if there had simply been an appeal. This happens sometimes. Sometimes attorneys don't comply with the rules, unfortunately. And in those circumstances, if an attorney doesn't comply with Rule 604D, it goes up on appeal, and there can be a fairly quick resolution of the matter because that can be clear. For instance, in this case, it was on the record that 604D had not been complied with. There could be a joint motion. There could be a quick proceeding. That can go back down, and then the remedy is that there would be a new 604D hearing which would comply with all the measures that this Court has insisted upon to fix any errors that may have occurred in the guilty plea proceedings. And am I correct that at the end of the day, as we say, the appellate court, after saying that he had no jurisdiction because it was all too late, sent the case back to the trial court to now address the collateral proceeding, right? So the case goes on. Yeah. Yes, Your Honor. The case should – there was no – the Court did not have jurisdiction to have an – to rule on the appeal, the merits of the appeal from the 604D motion. That does not mean the defendant doesn't have a remedy. Defendant could have still a remedy in post-conviction proceedings. And that's exactly what this Court has said multiple times, that there are multiple avenues for defendants to get remedies when – on the unfortunate case that the attorney has not complied with the rules or has engaged in ineffective assistance. But here the appellate court gave a remedy. He remanded for a hearing. Well, what the appellate court should do and what this Court should do is remand with directions for further proceedings not inconsistent with the opinion. And the opinion – the decision certainly can say that there was no jurisdiction to rule on the merits of the 604D motion because there was – the trial court didn't have jurisdiction either to have the 604D – to hear a new 604D motion years and years later. That's not what they should. Well, perhaps the appellate court overstepped in directing the trial court on how to proceed specifically in the remand, but the remand certainly can say that – can describe what should have happened, can describe – the opinion can describe what can still happen, and then to remand saying there was no jurisdiction on this appeal, and then further – you know, there can be further proceedings not inconsistent with the decision. So defendant still has a remedy. And defendant has a remedy, again, both with a direct appeal, if the notice of appeal has just been filed within the 30 days and get new 604D proceedings. Defendants have a remedy in the post-conviction proceedings, and defendants can have a remedy via this Court's supervisory authority. And one thing to note is that the – this sort of second motion directed against a judgment or this post-judgment motion following a post-plea motion, or however we want to characterize it, it said it's essentially only useful if the attorney hasn't complied with Rule 604D. So Rule 604D represents this Court's best efforts at ordering this process. Rule 604D requires that an attorney certify that he or she has reviewed the trial court proceedings from both the guilty plea proceedings and the sentencing hearing. It requires that a – that the attorney has consulted with the defendant about possible errors in both the guilty plea itself and in the sentencing. And so this Court has designed this fulsome, comprehensive method of addressing these errors, and in this case, it didn't happen. Now, of course, why we would expect a second post-judgment or a post-judgment following a post-plea motion to correct these errors, you know, there's no reason to expect attorney – necessarily attorneys who haven't followed the rules in the first place to then go back and correct the errors, which, again, are only there because they didn't follow the rules in the first place. Meanwhile, there are these other methods to address the potential errors that an attorney has made. So Rule 604D sets forward the process. Rule 606B sets forth that the 30-day period is the relevant time period. Together, these rules set forward a straightforward rule. Unfortunately, they weren't complied with in this case, but the appellate court, under the straightforward reading of the rules, did not have jurisdiction to address the matter. And so unless there are further questions from the courts, we would ask that this Court affirm the judgment of the appellate court. Ms. Mason, you may proceed. May it please the Court. There are three issues that were addressed by the State that I'd like to briefly touch on in the time that we have left together today. The first was the State's argument that the – what they're calling the motion to reconsider the motion to reconsider, but really what is the post-judgment motion in this case was not ruled on. In fact, it was ruled on. It took about 15 years for it to be ruled on, but eventually the trial court did rule on that motion, did find that Rule 604D had never been complied with, and ordered appointed counsel to go forward and comply with Rule 604D, which, after a few attempts, counsel eventually correctly did, and a direct appeal happened. Exactly what should happen did happen in this case, and we had a full direct appeal in the trial – in the appellate court until the Court of Appeals' sua sponte raised this jurisdiction issue in its decision. Now, the second thing I wanted to touch on was the State's argument that defendants still have a remedy, no matter – you know, even if they don't get this chance to address these issues in the trial court, there's a remedy either through post-conviction or through supervisory relief or something along those lines. First of all, Mr. Walls does not have a full and adequate remedy if this Court rules against him today, because he will have been deprived of his fundamental right to a direct appeal. There's no getting that direct appeal back, and he raised issues in his direct appeal proceedings that weren't constitutional in nature, that aren't of the type that could be raised in post-conviction proceedings. For example, he raised an issue dealing with the trial court's interpretation of the consecutive sentencing statute and argued that the trial court had abused its discretion in ordering that his sentences run consecutively. If he loses in this court today, that issue, which we believe is a meritorious issue, is gone forever. He can't raise it. It's not constitutional. Now, the third thing I would like to discuss is the State's argument that supervisory relief is an adequate remedy in these sorts of cases. And by all means, if this Court decides to exercise its supervisory authority to order the appellate court to address the merits of Mr. Walls' appeal, we're happy with that outcome. But we would suggest that this Court should address the conflict that lies in the appellate court now. I mean, the Fourth District says that a post-judgment motion after a post plea is not proper, whereas the Fifth District in Feldman held that it is proper. This issue will come up again and will come up again in some pretty unique circumstances now that a bunch of counties that used to be in the Fourth District are now in the Fifth District. So when they plead guilty, they may have been in a different district than now when they're going through the appeals process. And, of course, you agree with Feldman. Oh, absolutely. I agree with Feldman. I think Feldman really got to what the heart of Rule 604D is all about, and that is giving the trial court an opportunity to fix these problems. Now, yes, it took the trial court a while to do that in this case. Things took longer than they should have. That happens sometimes. It happens sometimes with notice of appeal. They get filed, and they just never get transmitted in cases that sit for years and years and years. The fact that sometimes these unfortunate things happen in courts is not a reason to make bad law and is not a reason to deprive circuit courts of the opportunity to address their mistakes. Now, the State argues that, oh, well, this isn't a real problem because the only real kind of issue that would come up here is a violation of Rule 604D, and an attorney who doesn't follow 604D isn't the type of attorney who's going to catch their own mistake, but that's exactly what happened here. The attorney did not comply with Rule 604D, realized it, and then filed a motion saying, Judge, you shouldn't have never ruled on a post-plea motion. I didn't comply with 604D. Not only did I not file a certificate, I never read the transcripts because the transcripts aren't available. So I couldn't have complied with Rule 604D if I wanted to. These cases do happen. It's what happened here. It will happen again and again and again. And if the parties catch the mistake in the circuit court, why not allow the circuit court to fix the problem instead of having the whole appeal to then have the appellate court tell the circuit court, fix the problem? That's why this Court wrote Rule 604D the way that it did. It could have just said in Rule 604D, once a post-plea motion is ruled on, you have 30 days to file a notice of appeal. The end. It chose not to. It instead has a much more nuanced rule that directs the parties back to the two options that have always existed under Rule 606B, filing a post-judgment motion or immediately filing a notice of appeal. That's exactly what Mr. Walls did here. The circuit court ruled on it. All we're asking is that he get a chance to have that fundamental right to a direct appeal honored. If there are no further questions, we ask that this Court remand the case to the appellate court with directions to consider the merits of the direct appeal or, in the alternative, enter a supervisory order to that effect. Thank you. Thank you, Ms. Mason. Case number 127965, People's State of Illinois v. Natasha Walls, will be taken under advisement by this Court. It's agenda number 13. Thank you, Mr. Malamuse, for your argument this morning, and also thank you very much, Ms. Mason, for your arguments this morning.